UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN MANDRACCHIA,

                                    Plaintiff,

                    -against-

ATLANTIC EXPRESS
TRANSPORTATION CO.,

                                    Defendant.
-------------------------------------------------------------x

*ROBINSON*

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

Index No.

Assigned Judge:

'05 CIV 9 5 9

Plaintiff, John Mandracchia, by and through his attorney, Paul N. Cisternino, as and for his complaint, alleges as follows:

## INTRODUCTION

1.  This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2.  Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.,* and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3.  Plaintiff alleges herein that he was subjected to discrimination, denied the

equal terms, conditions and privileges of employment, retaliated against and illegally terminated based on his disabilities (leg prosthesis/sleep apnea).

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written dismissal from the Commission and it has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a thirty-nine year old male who resides in Westchester County.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and the New York State Human Rights Law, employing more than 15 individuals, which presently does business within the State of New York.

## ALLEGATIONS

9.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by Defendant as a mechanic since October 1994.

11. Plaintiff is disabled and wears a prosthesis because his leg was amputated below the right knee; he also suffers from sleep apnea.

12. During his period of service with Defendant, Plaintiff's disabilities have not prevented him from performing the essential functions of his position and he has always performed his assigned duties in a competent manner.

13. Upon information and belief, although aware of his disabilities, Defendant has subjected Plaintiff to various forms of discrimination because of them, including but not limited to unequal discipline which resulted in unpaid suspensions and Plaintiff's eventual termination.

14. At the end of 2003 and beginning of 2004, Plaintiff was unfairly subjected to discipline when he needed time off from work to have his prosthesis replaced.

15. In or about August 2003, Plaintiff was suspended without pay for three and one-half days because Defendant falsely claimed that he had not properly notified them as to certain absences; however, although Plaintiff had submitted doctor's notes for any missed days, Defendant refused to accept his medical documentation.

16. On or about May 7, 2004, Plaintiff was again suspended without pay for what was supposed to be a one-month period after Defendant falsely claimed that he failed to report for work without calling in on May 5, 2004.

17. When Plaintiff sought to return to work on June 8, 2004, Defendant again

rejected his medical documentation and he was not allowed to return to work for an additional two weeks, also without pay.

18. Plaintiff repeatedly asked that Defendant accommodate him in some way which would allow him to deal with his medical issues while meeting his job requirements; however, Defendant never sought to accommodate Plaintiff in any manner.

19. On or about August 6, 2004, Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission alleging that he had been subjected to discrimination based on disabilities.

20. Upon information and belief, this charge was forwarded by the E.E.O.C. to the Defendant within ten days of its receipt by the Commission.

21. On or about October 20, 2004, Plaintiff was called into a meeting with various supervisory employees of the Defendant, including Charles Butera [sic], wherein he was informed that he was being terminated.

22. Upon information and belief, although Defendant referenced attendance issues as the reason for this termination, Plaintiff believes it was illegally based on his disabilities or was in retaliation for his engaging in protected activity and opposing discriminatory practices by seeking to vindicate his rights through the EEOC.

23. Plaintiff's yearly salary was approximately $45,000 as of his termination.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT
## TO THE AMERICANS WITH DISABILITIES ACT OF 1990

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the ADA in that Plaintiff was disparately treated and terminated based on his disabilities (leg prosthesis/sleep apnea).

26. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY
## PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

27. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated based on his disability (leg prosthesis/sleep apnea).

29. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment by Defendant and by seeking to vindicate his rights by filing a charge with the E.E.O.C.

32. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

33. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as though fully set forth herein.

34. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment by Defendant and by seeking to vindicate his rights by filing a charge with the E.E.O.C.

35. As herein described, the Defendant acted with malice or with reckless

6

disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff John Mandracchia, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined.

2. Award reasonable attorney's fees and the costs of this action.

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        January 24, 2005

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

By:_____
    Paul N. Cisternino (PC0317)
701 Westchester Avenue  Suite 308W
White Plains, New York  10604
(914) 997-0303

7

## VERIFICATION

STATE OF NEW YORK                         )
                                          )  SS:
COUNTY OF WESTCHESTER                      )


JOHN MANDRACCHIA, being duly sworn, deposes and says:

I am the Plaintiff herein.  I have read the foregoing and know the contents thereof;

the same is true of my own knowledge except as to the matters stated on information and

belief; as to those matters, I believe the same to be true.


PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires **3/1/07**

_____
John Mandracchia


Subscribed and sworn to before me this
_25th_ day of January, 2005.

_____
Notary Public

8

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| **John Mandracchia**<br>**17 Alpha Place**<br>**New Rochelle, New York 10850** | **Equal Employment Opportunity Commission**<br>**New York District Office**<br>**33 Whitehall Street, 5th Floor**<br>**New York, New York 10004-2112** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **160-2004-02860** | **Legal Unit  E-4** | **(212) 336-3721** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____                    10/29/04
Spencer H. Lewis, Jr., District Director                    (Date Mailed)

Enclosure(s)

cc:
**Atlantic Express Transportation Co**
**c/o Mintz & Gold, LLP**
**Attorneys At Law**
**444 Park Avenue South**
**New York, New York 10016**
**Attn: Jeffrey D. Pollack**

**Cisternino & Weinstein, LLP**
**Attorneys At Law**
**701 Westchester Avenue, Suite 308W**
**White Plains, New York 10604**
**Attn: Paul N. Cisternino**